AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  26-mj-8124-RMM |
| Peter Thomas Voutsinas | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ___SP___ D.C.
Feb 15, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 10, 2026__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) | Possession with Intent to Distribute a Controlled Substance (methamphetamine) |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

*Alex A. Aguilera*
*Complainant's signature*

Special Agent Alex A. Aguilera, FBI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Telephone (Facetime)__

Date: 2/15/26

*Judge's signature*

City and state:  West Palm Beach, Florida    Ryon M. McCabe United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF

## <u>AN APPLICATION FOR A CRIMINAL COMPLAINT</u>

I, Alex A. Aguilera, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation and have been since September 21, 2022. During my career in law enforcement, I specialized in narcotics investigations and received training from the FBI relating to the methods used by narcotics traffickers to import and distribute narcotics and the laundering of narcotics proceeds. I have been personally involved in numerous investigations concerning possession, manufacture, distribution, and importation of controlled substances as well as methods used to finance drug transactions and launder proceeds. Throughout the course of these investigations, I have debriefed informants and witnesses who had personal knowledge of major narcotics trafficking operations. I have also conducted toll analyses, physical surveillance, Title III intercepts and have partnered with local and foreign drug enforcement groups regarding several narcotics investigations. As a result of my experience and my training, I am familiar with the manners in which various types of drugs are cultivated, manufactured, negotiated, smuggled, distributed, and diverted.

2. Moreover, I have become knowledgeable in various methods used by narcotics traffickers to finance and communicate regarding drug transactions. I am also familiar with some of the code narcotics traffickers use when discussing drug transactions. I have received training in the preparation and execution of search warrants authorizing the search of physical locations, including private residences and businesses, for evidence of unlawful narcotics trafficking.

3. This affidavit is submitted in support of a criminal complaint for the arrest of PETER VOUTSINAS for violations of Title 21, United States Code, Sections 841 (a)(1) (Possession with

Intent to Distribute a Controlled Substance). I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who have participated in the investigation. Because this Affidavit is provided solely for the purpose of establishing probable cause, it sets forth only those material facts that I believe are necessary to establish probable cause to arrest VOUTSINAS for violations of the above-listed criminal statutes and does not include all the details of the investigation of which I am aware.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

Background of Investigation and Identification of Voutsinas

4. In April 2025, DEA and FBI received information regarding an individual identified as Lauren Hollings ("Hollings") from DEA Operation Night Train, which is an operation conducted by the DEA Diversion Control Division. The focus of Operation Night Train is to identify clandestine domestic tableting operations via the tracking of the sales of tableting machinery, critical parts and excipients to U.S. based locations. The primary data source for Operation Night Train is the internet-based sales data for tableting materials acquired via a Title 18, United States Code, Section 2703(d) Order from the United States District Court for the Eastern District of Virginia for customer records of purchases of certain excipient blends known by DEA to be frequently used in illicit tableting operations.

5. Your Affiant was provided with the following information related to Hollings:

    a. On April 03, 2025, Hollings purchased from Amazon:

    b. One (1) Firmapress Pill Binder Mix Powder for Tablet Press Machine – Baby Blue - 1 kg (2.2 lb) – All-in-One Pharmaceutical-Grade Pill Binding Excipient;

    c. One (1) Firmapress Pill Binder Mix Powder for Tablet Press Machine - Purples - 1kg (2.2 lb) - All-in-One Pharmaceutical-Grade Pill Binding Excipient and;

  d. One (1) Firmapress Pill Binder Mix Powder for Tablet Press Machine – yellow - 1 kg (2.2 lb) - All-in-One Pharmaceutical-Grade Pill Binding Excipient.

6. An additional package was later discovered sent through USPS that included a fourth item purchased by Hollings as part of the same bulk purchase:

  a. One (1) Firmapress Pill Binder Mix Powder for Tablet Press Machine - Orange 1 kg (2.2 lb) - All-in-One Pharmaceutical-Grade Pill Binding Excipient

7. The packages were all shipped to The G Spot with an address of 896 SW 9th Street Circle, Boca Raton Florida, 33486. The billing name and address was also The G Spot, but the credit card used in the transaction belonged to Hollings.

8. Your affiant has confirmed through surveillance, subpoenas and public records that Hollings was the owner of The G Spot during the time of the Amazon purchases but does not reside at the shipping address. Your affiant confirmed that the shipping address was not a commercial building but a residential address. The occupant of the residence was Elijah Pardo De Figueroa (Figueroa) which was confirmed through database queries and physical surveillance conducted at 896 SW 9th Street Circle on February 5, 2026.

9. A search of law enforcement databases revealed phone numbers 561-859-5497 for Hollings and 954-299-9468 for Figueroa. Additionally, Hollings later confirmed her phone number during a consensual interview with Agents on January 23, 2026. Telephone toll records show that one of the top callers for Figueroa was Peter VOUTSINAS ("VOUTSINAS"). Data from a DEA WhatsApp Pen Register indicated approximately 123 contacts between VOUTSINAS' phone number, 728-218-7918, and a Hong Kong phone number, 8613873056314, which, based upon existing federal investigations, is associated with a known source of supply for

fentanyl precursor chemicals. Telephone toll records also indicate that there were five calls between Hollings and VOUTSINAS on 10/11/25, 10/14/25, 10/25/25, 10/30/25, and 11/6/25.

<u>Identification and Search of Voutsinas' Storage Unit</u>

10. On October 1, 2025, Detectives from the City of Boca Raton Police Department conducted surveillance of VOUTSINAS who was observed traveling to a Public Storage facility at 109 NW 20th Street, Boca Raton, Florida ("Public Storage"). Detectives observed VOUTSINAS park his vehicle in a parking area solely designated for Public Storage and enter the rental office. Detectives maintained surveillance on VOUTSINAS until he returned to his vehicle.

11. On November 06, 2025, a subpoena was served to Public Storage requesting a rent roll for all occupants at the 109 NW 20th Street location. On February 09, 2026, a response was sent to the case team, indicating that on October 1, 2025, VOUTSINAS completed a rental agreement for Unit #B439 using phone number (728) 218-7918 and e-mail address "bandsyayo7@gmail.com." Agents obtained further information from Public Storage showing that for several days in January and February VOUTSINAS spent several hours at the storage unit in the evening. At the time of the subpoena return date, Agents believed VOUTSINAS had not vacated from the premise because the subpoena did not list any vacate date.

12. On February 10, 2026, City of Boca Raton Police Department canine Officer Sullivan Maguire arrived at the Public Storage. Officer Maguire deployed his drug-detecting canine partner Ivan. Canine Ivan is a Florida Law Enforcement Canine Association certified drug detection canine. Officer Maguire's canine partner is certified in the detection of methamphetamine, cocaine, crack cocaine, and heroin. Officer Maguire deployed his canine partner Ivan in the hallway of the Public Storage unit building. Canine Ivan conducted an exterior sniff test of a section of five storage units near Unit #B439. Officer Maguire notified case agents that canine Ivan came to

a final response on #B439 indicating the presence of one or more drug odors coming from the unit.

13. On February 10, 2026, law enforcement obtained and executed a federal search warrant on Unit #B439, and recovered the following narcotics and narcotics production material:

    a. One (1) Manual Pill Press;

    b. Approximately 375.38 grams of substance that field tested positive for crystal methamphetamine;

    c. Approximately 16.5 grams of a substance that field tested positive for fentanyl;

    d. Approximately 28.5 grams of a substance that field tested positive for cocaine;

    e. Approximately 25.2 grams of suspected counterfeit Adderall;

    f. Approximately 78.5 grams of suspected counterfeit Xanax;

    g. Approximately 8.6 kilograms of pill binder agent;

    h. Twenty (21) bottles of promethazine with codeine;

    i. Twenty (24) bottles of purple syrup;

    j. Four (4) dyes; and

    k. Various unknown powders.

14. Agent also recovered several cardboard boxes, some having stored the narcotics referenced above, containing shipping adhesives with address of the TARGET LOCATION and "Peter Voutsinas," "Marcus Fuller" and "PJ Powell" as the intended recipients. At the conclusion of the search, there were no indications of any currency or financial instruments being stored at the Public Storage unit associated with VAUTSINAS. Additional adhesives on other shipment cardboard boxes contained "Elijah Pardo de Figueroa" and "the G Spot" as recipients with delivery address 896 SW 9th Street Circle, Boca Raton Florida 33486. Four (4) items matching the

description of the powders ordered by Hollings were found in the storage unit as well, with a delivery slip from Amazon, matching the description of the referenced items.

15. On February 13, 2026, DEA Agents received visual confirmation that the latest gate entry under "Peter Vautsinas" and Unit #B439 was on February 1, 2026, from 7:19 PM to 11:20 PM. On the same date, Boca Raton Police Department Laboratory received various preliminary latent print results for VOUTSINAS found on the items seized in Unit #B439, to include the seized manual pill press that contained narcotics residue.

### Surveillance of Voutisinas and 315 NW 20th Street, #7, Boca Raton, Florida

16. On February 12, 2026, surveillance was conducted in the vicinity of the 315 NW 20th Street, #7 Boca Raton, Florida. VOUTSINAS was observed exiting 315 NW 20th Street, #7 residence, entering a blue Honda Civic registered to him, and leaving the 315 NW 20th Street location. Surveillance personnel maintained surveillance and observed VOUTSINAS entering into a Wawa gas station parking lot, located at 20 SW 12th Ave, Deerfield Beach, Florida. Surveillance personnel observed VOUTSINAS enter a silver Nissan Sentra with a phone in his hand and a bulge in one of his pockets. VOUTSINAS was observed in the passenger seat and what appeared to be a female in the driver's seat of the Nissan. The exchange between VOUTSINAS and the female lasted less than four minutes before VOUTSINAS exited the vehicle and entered the Wawa while the female departed the Wawa in the Nissan. Based on the training and experience of your affiant and fellow agents, the observations of this interaction, and the overall investigation to date, your Affiant believes the meeting involved VOUTSINAS distributing a controlled substance to the female in the Nissan.

17. VOUTSINAS was then observed exiting the Wawa and entering his blue Honda as the sole occupant. VOUTSINAS then travelled to a Taco Bell drive-thru and then a CVS parking lot,

where he did not exit his vehicle before returning to 315 NW 20th Street, #7, where he met Figueroa who was also observed in the parking lot. VOUTSINAS and Figueroa both then entered 315 NW 20th Street, #7.

18. A few minutes later, Figueroa and VOUTSINAS exited 315 NW 20th Street, #7 unit and Figueroa was observed scanning the area and riding an electric scooter around the building complex while deliberately staring at a surveillance team member's vehicle each time. Figueroa then rode the scooter to the surveillance team member's vehicle and the two conversed. Figueroa stated he thought the team member was the "feds" and believed it was due to the dark tint on the vehicle's windows. The team member denied the accusation and Figueroa returned to VOUTSINAS. Based on my training and experience, I know that drug traffickers often conduct counter surveillance to avoid detection and observation by law enforcement.

## CONCLUSION

19. Based on the foregoing, I submit that there is probable cause to believe that VOUTSINAS did commit the criminal offense of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Alex A. Aguilera
Special Agent
Federal Bureau of Investigation

Sworn to and attested by Telephone-Facetime
per Fed. R. Crim. P. 4(d) and 4.1 on  15  day of February, 2026

_____
HONORABLE RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: Peter Thomas Voutsinas

**Case No**: 26-mj-8124-RMM

Count#: 1
Possession with Intent to Distribute a Controlled Substance (methamphetamine)

21 U.S.C. § 841(a)(1), (b)(1)(B)(viii)

* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 4 years to life
* **Max. Fine:** $5,000,000
* **Special Assessment:** $100

***Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**